

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00742-CR

Eduardo **REGALADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR11016
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  January 9, 2013

DISMISSED

Pursuant to a plea bargain agreement, appellant Eduardo Regalado pled nolo contendere to the offense of possession of a controlled substance in an amount less than one gram. The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On November 27, 2012, we gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal has been made part of the appellate record by December 27, 2012. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). An amended certification showing appellant has the right to appeal has not been filed. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH